ERISE IP, P.A.
Eric A. Buresh (*pro hac vice*)
eric.buresh@eriseip.com
Lydia C. Raw (*pro hac vice*)
lydia.raw@eriseip.com
Chris R. Schmidt (Bar No. 298761)
chris.schmidt@eriseip.com
7015 College Blvd., Suite 700
Overland Park, KS 66211

*Attorneys for Defendant Twilio Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

Missed Call, LLC,

        Plaintiff,

  vs.

Twilio Inc.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  3:24-cv-00681-LB

**DEFENDANT TWILIO INC.'S REPLY IN SUPPORT OF ITS § 101 MOTION TO DISMISS**

**Hearing**: May 2, 9:30 a.m., Courtroom B, 15th Floor

Missed Call's Response to Twilio's Motion to Dismiss was due on April 8th. Missed Call failed to respond. Accordingly, Twilio respectfully asks the Court to grant Twilio's Motion to Dismiss and find the claims of the sole patent at issue invalid as directed to an abstract idea and dismiss the case with prejudice.

In the alternative, Twilio asks the Court to dismiss the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. This is not the first time that Missed Call has failed to prosecute claims on U.S. Patent No. 9,531,872 ("the '872 patent"). Missed Call initially asserted the '872 patent against Twilio in the District of Delaware on June 6, 2022. Twilio filed a motion to dismiss the Delaware action on August 30, 2022 that is substantively identical to the motion to dismiss here. Rather than respond, Missed Call voluntarily dismissed the Delaware action. Notably, this means that Missed Call has had, in total, over **eighteen months** to consider its response to these arguments. Missed Call's failure to respond is also consistent with its overall failure to manage this case, and others. Missed Call has failed to respond to four separate notices from the clerk's office regarding whether it will consent to a Magistrate. In another case involving the '872 patent, Missed Call wholly failed to respond to a motion to transfer, instead voluntarily dismissing the case after missing its deadline by five and a half weeks. *Missed Call, LLC v. Freshworks, Inc.,* 1-23-cv-02913, D.I. 25 (D. CO).

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." In considering dismissal under Rule 41(b), "the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

and (5) the availability of less drastic alternatives.'" *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

Missed Call first filed suit against Twilio alleging infringement of the '872 patent one year and ten    months ago. Twilio first challenged the validity of the '872 patent under 35 U.S.C. § 101 eighteen months ago. To date, at least **six** motions to dismiss under 35 U.S.C. § 101 have been filed in cases brought by Missed Call.[1]  None have been resolved on the merits, in large part due to Missed Call's choice to voluntarily dismiss the cases before the motion could be resolved, twice now only to later file suit again in a different jurisdiction. The public has an interest in the expeditious resolution of this litigation, and an expeditious resolution of the question of whether the '872 patent is even valid. *Henderson*, 779 F.2d at 1423 (citing *Mir v. Fosburg*, 706 F.2d 916 (9th Cir. 1983)).

Missed Call's conduct has directly interfered with the Court's need to manage its docket. The Court has issued five separate notices requiring Missed Call to submit its form consenting or declining to proceed before a magistrate judge. (Dkt. Nos. 18, 23, 25, 30, 31). Missed Call has ignored all of them. Ignoring Court requirements has become a trend for Missed Call. *See also, Missed Call, LLC v. Twilio, Inc.*, Case No. 1-22-cv-00742 (D. Del.), D.I. 22 at 3 (holding Missed Call violated Chief Judge Connolly's standing order). Twilio is prejudiced by Missed Call's failure to substantively engage with the merits of the case that it brought, now twice choosing not to respond to Twilio's § 101 motions. Finally, as a practical matter, the alternative to dismissal under Rule 41(b) is granting Twilio's motion to dismiss under 35 U.S.C. § 101 as Missed Call has failed to put forth any substantive argument in opposition of that motion. *See e.g., Shin v.*

---

[1] *Missed Call, LLC v. NEC Corporation of America,* 3:22-cv-01079, D.I. 22 (N.D. Tex.); *Missed Call, LLC v. Freshworks, Inc.,* 1:22-cv-00739-CFC, D.I. 10 (D. Del); *Missed Call, LLC v. Freshworks, Inc.,* 1-23-cv-02913, D.I. 25 (D. CO); *Missed Call, LLC v. Twilio, Inc.,* 1:22-cv-00742, D.I. 11 (D. Del); *Missed Call, LLC v. RingCentral, Inc.*, 3:23-cv-06728, D.I. 15 (N.D. Cal.).

2

*Wells Fargo Bank, N.A.*, No. C 13-00579 WHA, 2013 WL 12176896, at *2 (N.D. Cal. Apr. 18, 2013) (dismissing with prejudice and reasoning "consideration of a sanction less drastic than dismissal seems superfluous under these circumstances, given plaintiffs' repeated dismissal and refiling of actions.").

Therefore, Twilio respectfully asks the Court to grant its Motion to Dismiss, find the '872 patent invalid as directed to an abstract idea, and dismiss the case with prejudice. In the alternative, Twilio asks this Court to dismiss the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and provide whatever other relief the Court deems proper.

Dated: April 15, 2024

Respectfully Submitted,

By: */s/ Chris R. Schmidt*

**ERISE IP, P.A.**
Eric A. Buresh (*pro hac vice*)
Lydia C. Raw (*pro hac vice*)
Chris R. Schmidt (CA Bar No. 298761)

***Attorneys for Defendant Twilio Inc.***

3

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on April 15, 2024, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Chris R. Schmidt*
Chris R. Schmidt