United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| MISSED CALL, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>TWILIO INC.,<br><br>    Defendant. | Case No. 24-cv-00681-LB<br><br>**ORDER**<br><br>Re: ECF No. 26 |

In this patent case (initiated in the Western District of Texas and transferred to this district by stipulation), there is a pending motion to dismiss that was filed on March 25, 2024.[1] Under Civil Local Rule 7-3, the plaintiff's opposition or statement of non-opposition was due two weeks later, on April 8, 2024. Nothing was filed.

A failure to oppose a motion is deemed a concession of the movant's arguments. *Lansdown v. Bayview Loan Servicing, LLC*, No. 22-cv-00763-TSH, 2023 WL 2934932, at *4 (N.D. Cal. Apr. 12, 2023) (a failure to oppose an argument is waiver and abandonment and thus "cedes the argument"); *Azpetia v. Tesoro Ref & Mktg. co. LLC*, No. 17-cv-00123-JST, 2017 U.S. Dist.

---

[1] Compl. – ECF No. 1; Order – ECF 14; Mot. – ECF No. 26. All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c)(1). Consents – ECF Nos. 22, 34. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 24-cv-00681-LB

LEXIS 1 14210, at *27 (N.D. Cal. July 21, 2017) (same); *GN Resound A/S v. Callpod, Inc.*, No. C 11-04673 SBA, 2013 WL 1190651, at *5 (N.D. Cal. Mar. 21, 2013) (construing a failure to oppose an argument as a concession); *Rosenfeld v. U.S. DOJ,* 903 F. Supp. 2d 859, 862 (N.D. Cal. 2012) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *Narang v. Gerber Life Ins. Co.*, No. 18-cv-04500-LHK, 2018 WL 6728004, at *4 (N.D. Cal. Dec. 21, 2018) (collecting cases). The plaintiff must file an opposition, a statement of non-opposition, or a request for additional time by Monday, April 22, 2024, at 2 p.m. A failure to do so may result in the court's granting the motion as unopposed and dismissing the case with prejudice.

The court also issues this order to give notice to the plaintiff of the consequences of not participating in the litigation, including monetary sanctions and dismissal of the case for failure to prosecute it.[2]

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A dismissal order "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

"Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claim is grounds for involuntary dismissal of the action. The courts have read this rule to require prosecution with 'reasonable diligence' if a plaintiff is to avoid dismissal." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The Ninth Circuit "has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id.* While "[t]he law presumes injury from unreasonable delay," the "presumption of prejudice is a rebuttable one." *Id.* "[I]f there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." *Id*.

In *Yourish v. Cal. Amplifier*, the Ninth Circuit applied the same five-factor standard considered in Federal Rule of Civil Procedure 37(b) cases in a Rule 41(b) case, namely: "(1) the public's

---

[2] Reply – ECF No. 32 (summarizing case history).

interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." 191 F.3d 983, 990 (9th Cir. 1999). The court explained that it "may affirm a dismissal where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Id*. (cleaned up). It further explained that "[a]lthough it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and" that it "may review the record independently to determine if the district court has abused its discretion." *Id*. "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).[3]

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *Id.* A party suffers sufficient prejudice to warrant case-dispositive sanctions where the disobedient party's actions "impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (cleaned up).

Before ordering a terminating sanction, a court must warn the plaintiff and try other sanctions first. For example, a district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction. *U.S. ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 605 (9th Cir. 1988). Although "[a]n explicit warning is not always required, at least in a case involving 'egregious circumstances,'" "[i]n other circumstances, the failure to warn

---

[3] "This 'test,'" the Ninth Circuit has explained, "is not mechanical." Rather, "[i]t provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow:

> Like most elaborate multifactor tests, our test has not been what it appears to be, a mechanical means of determining what discovery sanction is just. The list of factors amounts to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof.

*Conn. Gen.*, 482 F.3d at 1096.

ORDER – No. 24-cv-00681-LB                3

may place the district court's order in serious jeopardy." *Id*. Indeed, "[f]ailure to warn has frequently been a contributing factor in [Ninth Circuit] decisions to reverse orders of dismissal." *Id*. (cleaned up).

Rules 37(d)(3) and (b)(2)(C) provide that courts must require the party failing to act, the attorney advising that party, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3), 37(b)(2)(C). "Under Rule 37(b)(2), which has the same language as Rule 37(d), the burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).

Federal courts use the lodestar method to determine a reasonable attorney's fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). The court calculates a "lodestar figure" by multiplying the number of hours counsel reasonably spent on the litigation by a reasonable hourly rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The burden of proving that claimed rates and number of hours worked are reasonable is on the party seeking the fee award. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). The court may adjust the award from the lodestar figure upon consideration of additional factors that may bear upon reasonableness. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

Ultimately, if a plaintiff does not participate in its litigation, it risks dismissal of the case for failure to prosecute it, which will result in a judgment being entered in favor of the defendant.

**IT IS SO ORDERED.**

Dated: April 19, 2024

_____
LAUREL BEELER
United States Magistrate Judge